[No. 5978. Decided March 3, 1906.]

JOHN B. HART et al., Respondents, v. THE CITY OF SEATTLE et al., Appellants.[1]

MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE. Where asphalt has been removed for the lowering of an improved street, which is necessary in order to properly connect the ashpalt of a new improvement with that of the older one, the court is justified in finding that there is a change of grade in the older improvement.

SAME—DAMAGES. Where a proposed change of grade will result in serious damage to abutting property the improvement may be enjoined until the damage has been ascertained and paid.

SAME—INJUNCTIONS—TERMS OF. A temporary injunction to enjoin a change of grade until compensation for the damage to abutting property is first ascertained and paid is too sweeping where it enjoins the completion of the work upon the grade already established.

COSTS—APPEAL—MODIFICATION OF ORDER. Upon the modification of a temporary injunction, by the supreme court, the appellant should not recover costs on the appeal where they were resisting any injunction whatever, and it does not clearly appear that the modification of the order was especially called to the attention of the trial court.

Appeal from an order of the superior court for King county, Frater, J., entered September 30, 1905, granting a

[1]Reported in 84 Pac. 640.

8—41 WASH.

temporary injunction against a change of street grade, after a hearing upon affidavits. Modified.

*Scott Calhoun* and *Elmer E. Todd,* for appellants, contended, *inter alia*: Cities will not be restrained from making public improvements upon slight showing. *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; High, Injunctions (3d ed.), § 1574; *Citizens Coach Co. v. Camden Horse R. Co.,* 29 N. J. Eq. 299; *Crandall v. Woods,* 6 Cal. 449; *Kohler v. Los Angeles,* 39 Cal. 510. If the injunction would create a greater wrong than it is intended to remedy, the party should be left to pursue his remedy at law. High, Injunctions (3d ed.), § 13; *McSorley v. Gomprecht,* 26 N. Y. Supp. 917; *Thomas v. Musical etc. Union,* 121 N. Y. 45, 24 N. E. 24, 8 L. R. A. 175; *Pappenheimer v. Metropolitan Elev. R. Co.,* 128 N. Y. 436, 28 N. E. 518, 26 Am. St. 486, 13 L. R. A. 401.

*William Parmerlee,* for respondents.

HADLEY, J.—This action was brought to procure an injunction against the city of Seattle, the members of its board of public works, and the Independent Asphalt Company, to prevent the lowering of the grade of Thirteenth avenue north, a street in said city. The plaintiffs are the owners of lots 9 and 10, in block 9, Supplemental Plat of Frank Pontius' addition to Seattle, and also of lots 13 and 14, block 6, in the First Division of Capitol Hill addition to the city. Said lots have a continuous frontage upon the above named street. It is alleged that the defendants are paving and macadamizing the street; that they are wrongfully and unlawfully excavating and lowering the level of the street in front of said property; that the intended cut will be some three feet below the surface of the street as it now exists. It is stated that no ordinance has been passed by the city authorizing the threatened change of the established grade.

It appears that an improvement district was organized for

paving the street with asphalt, extending to the line of the Capitol Hill addition. The district therefore extends in front of the two lots first described, but not in front of the others which lie in the Capitol Hill addition. Asphalt pavement already exists in front of the Capitol Hill addition lots, and the new improvement is designed to connect therewith at the line of the Capitol Hill addition. The pavement, or at least a portion thereof, has been turned up in front of the Capitol Hill lots. There is a rise in the grade from a point near the place where the new grade connects with the older one, and it is alleged that it is the view of the city's officers that a lowering of the street is necessary in order to properly connect the asphalt of the new improvement with that of the older one. An emergency restraining order, without notice, was issued, and after notice and a hearing, a temporary injunction pending final hearing of the cause was granted. The city and its said officers have appealed.

It is first contended that it was error to grant any restraining order in the premises. It is said that the city denies that it is changing the grade, and it is also argued that, inasmuch as the lots are unimproved, the threatened change can result in but slight damage, for which reason the court should not have interfered. With regard to the fact as to the threatened change of grade, we think the court was justified, under the pleadings and affidavits submitted, in reaching the conclusion that such change was threatened by the city's officers. We also think the showing as to resultant damage justified interference by injunction. One of the affidavits placed the damages as high as $5,000, and the attendant facts stated are such as, we think, bring the case within the rule established by this court, that where a proposed change of the grade of a street will seriously damage an abutting owner's property, the change may be enjoined, unless the damage has been ascertained and paid. *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Swope v. Seattle,* 35 Wash. 69, 76 Pac. 517.

In any event, appellants urge that the temporary injunction is too sweeping, and that it actually prevents them from finishing the street improvement without reference to any change of grade. Authority existed to pave the street with asphalt beyond the line of the Capitol Hill addition; but there was no ordinance providing for paving that portion of the street within that addition. Before the temporary restraining order was issued, the city's officers had, however, caused a portion of the pavement already within said addition and in front of respondents' lots to be removed. This seems to have been done with a view to making what they deed to be a proper connection with the new improvement, in order to form a continuous payment, and it incidentally involved the lowering of the grade. It is insisted that the order of the court prevents appellants from relaying the aforesaid pavement, even upon the established grade, and also from completing the improvement in front of respondents' other lots, which are actually within the improvement district. The order made at the time of the hearing simply continued in force the one first made. The terms of that order provide against the excavation and cutting down of the street, and also against "changing or altering the condition of Thirteenth avenue north." The latter clause probably supports appellants' contention. In that respect the order should be modified so as to make it clear that appellants may proceed to complete and repair the pavement upon the previously established grade.

While affidavits submitted at the hearing alleged that the order had the above stated effect, yet appellants were resisting any temporary injunction whatever, and it does not appear that the court was especially requested to eliminate the above feature at the time the last order was made. It is reasonable to suppose that, if the point had been made clear to the court by the presentation of a prepared order to that effect or otherwise, the request would have been granted.

In the absence of such a clear showing in the record, we think appellants should not recover their costs on appeal, notwithstanding the fact that the order is modified as a result of the appeal. Moreover since the order as made was procured at the instance of respondents, and is modified here, it would not be equitable for them to recover their costs on appeal. The cause is remanded with instructions to modify the order in the particular above indicated, and neither party shall recover costs on appeal.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.