[No. 7689.   Decided June 15, 1909.]

FERRY-LEARY LAND COMPANY, *Appellant*, v. HOLT &
JEFFERY et al., *Respondents*.[1]

EMINENT DOMAIN—DAMAGES—GRADE OF STREETS—INJUNCTION—
DEFENSES—MUNICIPAL CORPORATIONS.  In an action to restrain a city
from damaging property by sloping land outside the street to a
grade established, after condemning plaintiff's land within the street
limits, the injunction will be denied where there was some evidence
tending to show that in the condemnation suit damages for such
sloping were allowed the plaintiff; notwithstanding Const. art 1,
§ 16, prohibiting the damaging of property without first making com-
pensation, as injunction is not·a matter of right; and where such
evidence is not clear, the plaintiff will be relegated to its action at
law for damages for injury by making the slope, leaving the· city
to plead anew the allowance therefor in the condemnation case.

Appeal from a judgment of the superior court for King
county, Morris, J., entered July 31, 1908, in favor of the
defendants, dismissing an action to enjoin a city in the pros-
ecution of a public·improvement.   Modified.

*Roberts & Hulbert*, for appellant.

*Scott Calhoun, Howard A. Hanson*, and *O. B. Thorgrim-
son*, for respondents.

FULLERTON, J.—This is an action for injunctive relief.
From the record it appears that the appellant is the owner
of an eight-acre tract of land in the city of Seattle, on which
two substantial residences had been built and which were in use
as private homes.   The land, in part at least, had been laid
out and·improved by a landscape gardener, and planted with
expensive trees and shrubbery, it being the purpose of its
then owner to maintain it as one tract for these homes.   In
March, 1907, the city of Seattle passed an ordinance direct-
ing the extension of Lakeview Avenue, a street of that city,
from its then terminal point along a route described in the
ordinance to a new terminal fixed therein.   The street as ex-

[1]Reported in 102 Pac. 445.

tended passed through the·grounds of the, appellant, and an action was begun against it to condemn a right of way on which to construct the street. This proceeding was prosecuted to judgment, and a right of way ninety feet. in width was condemned for the use of the street, for which the owners were awarded $8,500; apportioned by the jury as $6,000 for the land taken, and $2,500 for damages accruing to the remainder of the tract.

Thereafter the city established grades across the tract so condemned, and entered into a contract with the respondent, Holt & Jeffery, to open the street in accordance therewith. The plan of the improvement called for a roadway on a certain gradient forty-nine feet wide in the center of the ninety-foot strip; and to give the sides of the excavations in certain places the required slopes, it was found necessary in three or four places to extend the same a few feet beyond the ninety-foot strip onto the private property of the appellant. In the prosecution of the work under its contract, Holt & Jeffery was proceeding to grade in accordance with the stakes set, when the appellant instituted the present action to enjoin it from so doing, asking for a temporary injunction pending the hearing of the main action upon its merits. After the service of process on Holt & Jeffery, the city of Seattle asked, and was granted, leave to intervene as a party defendant, and together with Holt & Jeffery contested the application for a temporary injunction. This application was heard on affidavits, and was denied by the court. Thereupon the parties submitted the main case on the evidence introduced at this hearing, whereupon the court found against the owners, and entered a judgment dismissing the action. From this judgment the owners appeal.

Under § 16, art. 1, of the constitution which provides that private property shall not be taken or damaged for a public use without just compensation having been first made or paid into court for the owner, this court has repeatedly held that a municipality or other public corporation, even though it

had the right to exercise the power of eminent domain, could be enjoined from taking or damaging private property for the use of the public until it had made the compensation required. *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385; *Olson v. Seattle*, 30 Wash. 687, 71 Pac. 201; *Swope v. Seattle*, 36 Wash. 113, 78 Pac. 607; *Hart v. Seattle*, 42 Wash. 113, 84 Pac. 640.

The appellant sought to have this rule invoked in the present case, but was met with the defense that its damages for the injury of which it here complains was assessed and paid to it in the proceedings wherein the right of way was condemned. The city in its answer to the appellant's complaint, alleged that the appellant, when the condemnation proceedings were being tried out, was allowed to and did introduce evidence, over the objection of the city, tending to show that it would be damaged by the fact that the city in constructing a road along the way condemned would of necessity cause slopes to be made back upon its land, or perpendicular cuts to be made on the margin of the street line which would compel the appellant either to make such slopes or build retaining walls, and that the jury were instructed that the appellant could recover damages therefor; in other words, the contention is that the appellant recovered in that action damages for the doing of the very things it seeks to enjoin in this.

The evidence introduced, while not clear or very satisfactory, tends, in our opinion, to support the contention of the city, and we think that the question of the amount of damages the appellant would suffer by reason of the actual construction of the road was sought to be tried out in that action. This being true, the city ought not to be compelled to pay these damages over again. But as we say, the evidence is not clear or satisfactory, and while we think it sufficient to deny to the appellant the equitable relief of injunction, we do not feel that it is sufficient to warrant a judgment barring the right of the appellant to re-try the question in

an action brought to recover damages for the city's act in extending the grade beyond the boundaries of the way condemned. An injunction is an extraordinary remedy, and does not follow as of right even when a case of wrongful act is made out on one side and consequent injury on the other. In equity a decree is of grace rather than of right, and the court will always consider whether it will not do a greater injury by enjoining an act than would result from permitting the act to continue and leaving the party injured to his remedy in damages. So, in the present case, since the appellant has not shown any substantial injury or injury that would entitle it to more than nominal damages, and since the city has the power to condemn the right to do the acts complained of in any event, we feel that the greater wrong will be done in granting the injunction than in denying it.

The judgment appealed from will therefore be modified so as to permit the appellant to bring an action at law to recover any damages it has suffered or will suffer by reason of the construction of the highway according to the plans adopted by the city; granting to the city the right to plead anew the defense that the damages were tried out in the original condemnation suit; in other respects it will stand affirmed. The appellant will recover costs.

RUDKIN, C. J., CROW, CHADWICK, GOSE, and MOUNT, JJ., concur.

DUNBAR, PARKER, and MORRIS, JJ., took no part.