[No. 9342. Department One. August 10, 1911.]

GEORGE SEWARD, *Administrator, etc., Respondent,* v. SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY, *Appellant.*[1]

ABATEMENT AND REVIVAL—DEATH OF PARTY—TRESPASS—ACTS CONSTITUTING. A railroad fill upon a street changing the grade and interfering with access, to the damage of the abutting owner of improved property, who owns the fee of the street, is a trespass, for which the right of action survives, under Rem. & Bal. Code, § 1536, providing that executors and administrators may maintain actions for trespass committed on the estate of the deceased during his lifetime.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered June 15, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages to real property. Affirmed.

*Cary & Kerr, A. L. Miller,* and *Omar C. Spencer,* for appellant. The action did not survive to the administrator under the common law. 1 Cyc. 50, note 59; *Slauson v. Schwabacher Bros. & Co.,* 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948. The action did not survive under the English statutes modifying the common law doctrine. Stat. 4 Edw. III; Stat. 3 and 4 William IV; *Texas & N. O. R. Co. v. Smith,* 35 Tex. Civil App. 351, 80 S. W. 247. The cause did not survive under Rem. & Bal. Code, § 1536, because: (1) Causing surface water to flow on the adjacent land of the

[1]Reported in 117 Pac. 263.

decedent was not a trespass. *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881; *Hicks v. Drew*, 117 Cal. 305, 49 Pac. 189; *Roundtree v. Brantley*, 34 Ala. 544, 73 Am. Dec. 470; *Holly v. Boston Gaslight Co.*, 8 Gray 123, 69 Am. Dec. 233; *Cooper v. Hall*, 5 Ohio 321; *Daneri v. Southern Cal. R. Co.*, 122 Cal. 507, 55 Pac. 243. (2) The interfering with the ingress to and egress from the adjoining real property was not a trespass. *Osborne v. Butcher*, 26 N. J. L. 308; *Bale v. Todd*, 123 Ga. 99, 50 S. E. 990. The proper remedy for injury to or disturbance of an easement is an action on the case, and not trespass; interference with an easement is not a trespass. 14 Cyc. 1216; *Wetmore v. Robinson*, 2 Conn. 529; *Shafer v. Smith*, 7 Harr. & J. (Md.) 67; *Lambert v. Hoke*, 14 Johns (N. Y.) 383; *Martin v. Bliss*, 5 Blackf. (Ind.) 35, 32 Am. Dec. 52; *Tuttle v. Walker*, 46 Me. 280; *Bowers v. Suffolk Mfg. Co.*, 4 Cush. 332; *Carleton v. Cate*, 56 N. H. 130; *Smith v. Wiggin*, 48 N. H. 105; *Shroder v. Brenneman*, 23 Pa. St. 348; *Greenwalt v. Horner*, 6 Serg. & R. 71; *Wilson v. Wilson*, 2 Vt. 68.

*P. J. Kirwin*, for respondent, contended, among other things, that the general doctrine in the United States is that all causes of action arising for injuries to real estate survive. 21 Ency. Plead. & Prac., p. 333; 28 Am. & Eng. Ency. Law (2d ed.), p. 580; Pomeroy, Remedies and Rem. Rights, 147; *Henderson v. Henshell*, 54 Fed. 320; *Great Western Min. & Mfg. Co. v. Harris*, 96 Fed. 503; *Texas & N. O. R. Co. v. Smith*, 35 Tex. Civ. App. 351, 80 S. W. 247. All damages which are the direct and natural result of an act of trespass may be recovered in an action of trespass. *Percival v. Hickey*, 18 Johns. 257; *Perry v. Carr*, 44 N. H. 118; *Chicago & N. W. R. Co. v. Hoag*, 90 Ill. 339, 12 N. E. 185; *Williams v. Missouri Furnace Co.*, 13 Mo. App. 70; *Garrett v. Sewell*, 108 Ala. 521; *G. B. & L. R. Co. v. Eagles*, 9 Colo. 544, 13 Pac. 696; *Stevens v. Stevens*, 96 Ga. 374, 23 S. E. 312; *Gray v. Waterman*, 40 Ill. 522; *Corner v. Mackintosh*,

48 Md. 374; *Redemptorists v. Wenig*, 79 Md. 348, 29 Atl. 667; *Allison v. Chandler*, 11 Mich. 542; *Welch v. Piercy*, 29 N. C. 365; *Damron v. Roach*, 23 Tenn. 134; *Wendel v. Spokane County*, 27 Wash. 121, 67 Pac. 576, 91 Am. St. 825. The disturbance of an occupant as in this case is a trespass. *Conner v. Woodfill*, 126 Ind. 85, 25 N. E. 876, 22 Am. St. 568; *Lord v. Meadville Water Co.*, 135 Pa. St. 122, 19 Atl. 1007, 20 Am. St. 864, 8 L. R. A. 202.

MOUNT, J.—The plaintiff, as administrator, brought this action against the defendant, to recover damages to real estate belonging to Orson M. Seward in his lifetime. The cause was tried to the court and a jury. The trial resulted in a verdict for the plaintiff for $650. Thereafter motions for a new trial and for a judgment *non obstante veredicto* were denied, and judgment was entered upon the verdict. The defendant has appealed.

It appears that, in the year 1907, the defendant constructed a railway through a block of land and across Seventh street, in the city of Vancouver. The railroad at the street crossings was nearly five feet above the street grade. The city granted the railroad company the right to fill the street so as to make a crossing upon the railway track. This fill was made. It was deepest at the railway crossing, and extended each way therefrom by gradual descent to the original street grade. Orson M. Seward at that time owned two lots, fifty by one hundred feet each, on the north side of Seventh street. A part of the fill was made in front of these lots. The fill was about one foot high at the corner, and about two and one-half or three feet higher at the point nearest the railway. These lots were improved, being occupied by three dwelling houses. Mr. Seward died on November 30, 1908. This action was brought in October, 1909. It was claimed by the plaintiff that ingress to and egress from the property was cut off by the fill and embankment in the street, and that water was caused to flow and remain upon the property by

reason of the embankment, and that the property was damaged thereby.

There is but one question presented here, viz., the right of the administrator to recover for damages which occurred to the property during the lifetime of the decedent, and more than six months prior to his death. We do not understand that the appellant claims that the action is barred if it survives to the administrator; but the argument is that there is no survivor either at common law, the English statutes, or under the code of this state. Rem. & Bal. Code, § 1536, provides that:

"Executors and administrators may maintain actions . . for trespass committed on the estate of the deceased during his lifetime."

Appellant argues that the fill upon the street in front of the lots was not a trespass within the meaning of this statute, even if such fill has the effect to interfere with the egress from and ingress to the property, and causes water to flow thereon. *Suter v. Wenatchee Water Power Co.,* 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881, is cited and relied upon as sustaining that position. That case, no doubt, does sustain the position of the appellant in so far as it holds that, where one constructs lawful structure on his own lands and thereby causes injury to another, a cause of action is in case and not in trespass at the common law. But we do not desire to extend the doctrine of that case to cases such as this. It seems to us that the injury here was direct, and not consequential as was the case there. It is true that the defendant had authority from the city to make the fill in the street, but the city could grant to defendant no greater right than the city possessed. The city had no authority to change or to authorize a change in the street grade without paying the damages to the abutting owner, where improvements had been made with reference to the original grade. *Hart v. Seattle,* 42 Wash. 113, 84 Pac. 640, and cases there cited. The fee of the street on which the fill was made was in Mr. Seward,

the owner of the abutting property. *Simons v. Wilson*, 61 Wash. 574, 112 Pac. 653; *Holm v. Montgomery*, 62 Wash. 398, 113 Pac. 1115. In the case last cited, we said:

"Where this rule obtains, it is as well settled that the owner of the abutting property may make such use of the land within the highway as will not interfere with its use for public travel, and that it is a trespass against the owner of abutting property to make excavations in the highway, or otherwise disturb its use as a public highway."

The fill made by the defendant in the street is, therefore made upon a part of the improved property of Mr. Seward; hence, was a direct trespass. The damage resulting was immediate and not consequential, the same as though the defendant had gone within the lot line and made a fill therein. We are satisfied that the trespass was one within the statute above quoted, and that the cause of action survived to the administration.

The judgment is therefore affirmed.

DUNBAR, C. J., GOSE, and FULLERTON, JJ., concur.