[No. 10741. Department Two. February 19, 1913.]

JAMES DONOFRIO *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

EMINENT DOMAIN—GRADE OF STREET—"DAMAGING" OF PROPERTY —COMPENSATION—REMEDIES—INJUNCTION. A city in making the original grade of a street, has no right to extend the foot of the fill upon abutting property, or in making a cut, to construct the slope thereon; since it would be a "damaging" of private property without just compensation having been first paid into court, within Const., art. 1, § 16; and injunction is the proper remedy to prevent the same, if the damages are substantial.

[1]Reported in 129 Pac. 1094.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 21, 1912, dismissing an action for injunctive relief, upon sustaining a demurrer to the complaint. Reversed.

*Blake & Williams*, for appellants.

*James E. Bradford* and *William B. Allison*, for respondent.

MAIN, J.—This is an action for injunctive relief. The plaintiffs' complaint, after alleging the status of the parties, the description of the property involved, and the ownership thereof, alleges:

"(3) That said city under and by virtue of ordinance number 26,830, approved on the 27th day of March, 1911, purported to provide for an improvement of said Bayview avenue along and bordering upon plaintiffs' said property by grading and curbing the same, and have entered into a contract with the defendants, Kalberg & Brandon, for the doing of said grading and curbing.

"(4) That under the plans provided by said ordinance and made a part of said contract, the defendants are threatening to and are about to make a fill along said Bayview avenue in front of said property, between 26th avenue south and 28th avenue south, of an average height of 11 feet; that said defendants are contemplating making fills extending upon plaintiffs' said property for an average distance from said street of 15 feet, and have actually staked out such fills upon plaintiffs' said property; that said defendants are threatening and about to make fills extending over and upon plaintiffs' said property for a distance of 15 feet or more in width and of about 500 feet in length.

"(5) That under the plans provided by said ordinance and made a part of said contract, defendants are threatening and are about to make a cut along said Bayview avenue, between 28th avenue south and 30th avenue south for an average depth of 9 feet; that said defendants, in order to protect said cut, are contemplating taking earth from plaintiffs' said property to an average distance of said street of 15 feet, and have actually staked out the extent of such taking upon plaintiffs' said property, and that said defendants are threatening to and are about to take property extending over and

upon plaintiffs' said property for a distance of 15 feet or more in width and 500 feet in length.

"(6)   That by reason of said fill and cut and the grading of said street as aforesaid, all access to the said premises from said Bayview avenue will be cut off, and said premises between 26th avenue south and 28th avenue south will be placed an average of 11 feet below the now level of said street, and the slope that said defendants are threatening to and about to actually place upon said property will extend over and onto the same a distance of 20 feet and over, and will materially damage and destroy the use of said property for residence or any purpose for which it is adapted; that between 28th avenue south and 30th avenue south said premises will be placed an average of 9 feet above the now level of said street, and in order to maintain said grade the property of the plaintiffs will be taken for a distance of 15 feet and over, and said property will be materially damaged and destroyed for any purpose for which it is adapted.

"(7)   That the damage that will be suffered by said plaintiffs by reason of said acts of said defendants as aforesaid will amount to at least the sum of three thousand dollars ($3,000), and said premises or any part thereof will not be benefited in any manner whatsoever by the filling in and grading of said street as aforesaid.

"(8)   That the grade to which said street is being filled is an unreasonable and unnecessary one, and no condemnation proceedings of any kind have been had to ascertain the damages to plaintiffs' said property by reason of the filling in of said street and the making of slopes on plaintiffs' property, and for the taking away of earth from plaintiffs' said property, and no compensation of any kind has been paid to these plaintiffs on account of said damages, and these plaintiffs have not consented to said work.

"(9)   That said plaintiffs have protested against the grading and filling in of said street, but notwithstanding the same, said defendants are threatening to and are actually about to fill in said street and make the cuts as aforesaid, and make the slopes upon said property as hereinbefore set out, and unless restrained by an order of this court, said defendants will proceed to fill in said street and run slopes onto plaintiffs' said property and take away earth from plaintiffs' said property and damage plaintiffs' property as aforesaid,

without first ascertaining and paying for such damages as required by law; that these plaintiffs have no plain, speedy and adequate remedy at law for the injuries herein complained of.

"(10)   That the defendants have actually dumped large quantities of earth on plaintiffs' property and the plaintiffs have been damaged to the amount of seven hundred dollars ($700) by the dumping of said earth on their property."

To this complaint the defendant interposed a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action.   This demurrer was sustained by the trial court.   The plaintiffs thereupon elected to stand upon their complaint and refused to plead further.   The action was dismissed.   From the judgment of dismissal, the plaintiffs have appealed.

Upon this appeal all the allegations of the complaint must be accepted as true.   The legal question here presented is, Does the city, in the original grading of a street, have the right in making a fill to extend the foot of the slope upon the abutting private property, or in making a cut, to construct the slope upon abutting property, without first having acquired the right to do so by a condemnation proceeding or by some other legal means? This is not a question of liability on the part of the city for the reducing of the natural surface of the street in the course of its normal and ordinary improvement for street purposes to a grade line for the first time established; but it is a question which involves the right of a municipality, in the original grading of a street, to make an actual physical invasion of adjoining property.   In the case of *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061, it is held that the city is not liable for damages resulting from the original grade of the street, and the opinion states:

"In the absence of some statute, a municipal corporation is not liable for damages resulting from the original grading of a street, alley, or avenue, either within the original corporate limits or in any addition thereto.   The power to es-

tablish grades is incident to its charter, and is implied from the dedication."

But this decision does not reach the question here presented. It deals only with the question of the grading of the street, and not with the actual physical invasion of the adjoining property.

In § 16, of art. 1, of the constitution of the state of Washington, it is provided:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner."

Under this constitutional provision it has been held that the extending of slopes upon private property is not a taking within the inhibition of the constitutional provision, but is a damaging. *Swope v. Seattle*, 36 Wash. 113, 78 Pac. 607; *Compton v. Seattle*, 38 Wash. 514, 80 Pac. 757. In the course of the opinion in the *Compton* case, it is said:

"The construction of slopes such as are in contemplation here is not necessarily a *'taking'* but is a *'damaging'* merely."

It requires no argument to show that, if the construction of slopes upon property abutting upon the street is a damaging thereof, the extending of the foot of the fill is likewise a damaging. Both involve the physical invasion of adjoining property.

The constitutional provision above quoted provides that property shall not be taken or damaged without compensation first being made or paid into court for the owner. If the allegations of the complaint above quoted are true, the respondent was extending slopes and fills upon the plaintiffs' property without first having acquired the legal right so to do. This being accepted as the fact, do the plaintiffs have the right to restrain such intrusion until compensation has been determined and paid? It has become the settled law of this state that under such circumstances plaintiffs are entitled to injunctive relief when the damages complained of

are not merely nominal but substantial.  *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385; *Ferry-Leary Land Co. v. Holt & Jeffery*, 53 Wash. 584, 102 Pac. 445; *Olson v. Seattle*, 30 Wash. 687, 71 Pac. 201.

In the *Olson* case, it is said:

"That injunction is a proper remedy in a case where the public authorities seek to take private property for a public use without first making compensation therefor was determined in this court in *Brown v. Seattle*, 5 Wash. 35, (31 Pac. 313, 18 L. R. A. 161), and has been followed in practice ever since."

We have been cited to no authority, and know of none, which justifies the city, without first having acquired the legal right to do so, in making a physical invasion of the adjoining property when bringing the surface of a street to the grade line for the first time established.  Such physical invasion of adjoining property comes within the inhibition of the section of the constitution above cited.

The respondent in its brief makes numerous contentions to the effect that the complaint does not state a cause of action; but a detailed discussion of these is unnecessary.  They are all met and answered by what has heretofore been said in this opinion.  We think the complaint states a cause of action. The cause will be reversed and remanded, with directions to the superior court to overrule the demurrer.

CROW, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.