[No. 12997. Department One. March 7, 1916.]

HENRY F. EGBERS *et al.*, *Respondents*, v. THE CITY OF
SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—GRADING—INJURY TO PROPER-
TY—INVASION—LIABILITY. Where, in making a street grade, plain-
tiffs' property was invaded and covered by the slope and depreciated
in value to the extent of $500, plaintiffs can recover that sum, re-
gardless of the fact that it was an original grade of the street; and
it is immaterial that, had the city avoided the invasion and all lia-
bility by building a bulkhead, the actual damage would have been
greater, since there was an actual invasion and the city cannot
speculate on what might have been done.

Appeal from a judgment of the superior court for King
county, Back, J., entered April 2, 1915, upon findings in
favor of the plaintiffs, in an action for damages to prop-
erty. Affirmed.

*James E. Bradford* and *Frank M. Egan,* for appellant.

*W. D. Lambuth,* for respondents.

ELLIS, J.—Action to recover damages for an invasion of
real estate in the grading of a street. The plaintiffs' prop-
erty consists of two lots, one of which abuts lengthwise on
the street, and the other adjoins the first on the north. The
action was tried to the court without a jury. The court,
after finding the plaintiffs' ownership of the two lots and the
character of their improvement, found that their value prior
to the damage here in question, was $1,200. The court then
found:

"That within the past two years the defendant, having
laid out Avalon Way as a boulevard of the city of Seattle,
the portion of said boulevard adjacent to plaintiffs' said
property being acquired by condemnation under eminent do-
main, and neither the plaintiffs nor their said property being
included in any such proceedings, afterwards passed an or-
dinance, numbered 31,563, for the grading of 36th avenue

[1]Reported in 155 Pac. 751.

southwest and other streets, including Avalon Way, in such manner that Avalon Way, with an original and reasonable grade, is filled a height of about twenty-two feet above the surface of the said lots, and the dirt from said fill, allowed, in a slope of one and one-half to one, to cover all of said lot six and a small portion of lot five, destroying a large part of plaintiffs' said trees, berries, flowers, and filling the well. That because of said grade and fill as aforesaid, the said property was thereafter worth no more than $700, and if a bulkhead had been used to retain the dirt, instead of a slope, the property would then have been worth only $600, after said grading."

On these findings and an appropriate conclusion, the court entered judgment for the plaintiffs in the sum of $500 and costs. Defendant appeals.

No exception was taken to the court's findings. The appellant's sole contention is that they are insufficient to sustain the judgment. It is argued that, inasmuch as this was an original grade of Avalon Way, the plaintiffs would have had the right to construct a bulkhead to retain the dirt instead of invading respondents' property by the slope, and that, had such a course been pursued, the respondents could have recovered no damage; and further, that inasmuch as the court found that the building of a bulkhead without invading respondents' property would have damaged the property more than the amount of damage found to have been inflicted by the actual invasion, therefore the invasion was a benefit rather than a damage.

The argument is palpably unsound. The respondents' property was invaded to their damage and in the sum of $500. Under our decision in the case of *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, they were entitled to a judgment in that amount. The finding that some other method of improving the street would have damaged the property more was foreign to any issue in the case and was wholly immaterial. The fact that the making of a bulkhead would have been *damnum absque injuria* (so as-

suming without so deciding), has no bearing upon the actual, reasonable damages for an actionable invasion of the property. The court has no right to speculate on what might have been done, but will confine itself to the only issue before it, presented by the admitted fact that there was an invasion and in fact a taking of at least one-half of respondents' property, to their damage. Whether the city had the same right to make an original grade without the payment of damages in case of a street acquired by condemnation as in case of a street acquired by dedication, we do not decide. On the issue here it is a moot question. This action is not one for damages for change of grade, but for an actual invasion and taking of the respondents' property.

The judgment is affirmed.

Morris, C. J., Mount, Chadwick, and Fullerton, JJ., concur.