[No. 1130.  Decided January 31, 1894.]

GEORGE F. TILZIE, *Respondent,* v. JAMES HAYE AND SARAH E. HAYE, *Appellants.*

DEDICATION OF STREETS — EFFECT OF DESIGNATION ON PLAT — EVIDENCE.

Where a recorded plat of lands contains a description of them by metes and bounds, the fact that the plat designates a street thereon as lying upon one side, but beyond the limits of the land described, creates a dedication of such street by implication merely, which presumption may be rebutted by evidence tending to show an intention otherwise.

In an action for breach of covenant of possession, wherein the complaint alleges a statutory dedication of the land in dispute by recorded plat, proof of subsequent conveyances recognizing the plat filed is irrelevant for the purpose of establishing dedication by estoppel.

*Appeal from Superior Court, Chehalis County.*

*T. D. Scofield,* for appellants.

*Linn & Bridges,* and *J. C. Cross,* for respondent.

The opinion of the court was delivered by

Dunbar, C. J.— This is an action brought by the respondent in the superior court of Chehalis county to recover damages for a breach of covenant upon the sale of a certain piece of land claimed to have been located in a certain street known as Broad street, in the city of Montesano.

On April 12, 1888, the appellants laid out an addition to the city of Montesano, describing the same in their deed of dedication by metes and bounds. The plat of the addition filed in the auditor's office in connection with the deed of dedication shows twelve lots, 50 by 105 feet, with an alley running east and west midway between the lots, ten feet wide. The width and depth of the respective lots, and the numbers of the same, are designated on the plat, together with the width of the alley, the words marked in the alley being "10 feet alley." On the east boundary of the lots are the words "4 Street," with the figures "30" indicating the width of the street. Adjoining the said lots on the north a space is left, and the words "Broad St." are marked on the plat, with some pencil dots north of the words "Broad St." Some time after the deed of dedication and plat were filed, the appellants deeded to the respondent certain lands located north of the said northerly boundary line of the said plat, and falling within the space occupied by Broad street, if such street had any existence by reason of the filing of the plat aforesaid; and these are the lands which are the subject of this action.

Many questions were raised upon the trial of this case which, under the disposition which we are compelled to make of it, it will not be necessary for us to discuss here. At the conclusion of respondent's testimony, appellants moved for a non-suit, which motion was overruled by the court. Appellants then sought to introduce testimony showing that it was not the intention of the appellants to dedicate any street north of the plat, which evidence

was objected to by respondent, and the objection was sustained by the court. The court then instructed the jury to bring in a verdict for the plaintiff in accordance with his prayer.

This judgment in any event will have to be reversed, for if there was a dedication of Broad street at all, it was plainly only an implied dedication, and, under all the authorities, the intention to dedicate in such case can be rebutted by testimony. The rule relied upon by respondent, that whether a plat contains a dedication of a strip of ground to the public is a question of law for the court to determine, is confined to cases where there was an express dedication by acts done which the dedicator would not be allowed to dispute, and where the only question could be, whether such acts constituted in law a dedication. In this case it must be borne in mind that the deed of dedication describes the land dedicated by metes and bounds, and that the land which respondent contends was dedicated falls outside of these metes and bounds, so that it can only be by implication, if at all, that appellant can be held to have dedicated such land. That being true, then, under all the authorities, he would have a right to rebut this implication by evidence tending to show his intention.

The cases cited by the respondent only have an application to express dedication. The law cited by the respondent from Dillon on Municipal Corporations, § 628, that "an incomplete or defective statutory dedication will, when accepted by the public, or when rights are acquired under it by third persons, operate in favor of the public and of such persons, respectively, as a common law dedication by the owner," has reference to defects in the manner of dedication, viz., whether the statutory requirements have been complied with in determining the question of what particular land was dedicated. This is plainly ascertained by referring to the authorities cited by the learned author.

The ordinary cases, where the question raised is, whether or not certain strips of land have been dedicated as streets, are cases where the land in dispute is within the boundaries of the land dedicated by the deed. There the dedicator would be strictly bound by any marks or indications on the plat which would lead the purchaser to believe that such dedication had been made; but such is not this case, and we have looked in vain for a case where a dedication has been held good where the plain language of the deed showed that the street claimed to have been dedicated was outside of the metes and bounds of the plat.

We say, then, that the mere appearance of the words "Broad St." would not be sufficient to raise the conclusive presumption that the statutory law has been violated, which provides that a plat of a town must give the respective widths of all streets, and that the same shall be recorded under like regulations as are provided for recording the original plats of towns.

The introduction of the deed to Holman was entirely irrelevant under the pleadings in this case, for it is a statutory dedication, and none other, that the complaint charges. It alleges the dedication on the 12th day of April, 1888, and it is nowhere alleged that the dedication was made by subsequent acts recognizing the plat filed, and the proof, of course, must be confined to the allegations. There being absolutely no proof of the dedication of Broad street, more than was shown by the record, and the record, construing the plat and the deed of dedication together, conclusively convincing us that, as a legal proposition, there was no dedication whatever of the land described in the complaint, the judgment will be reversed, and the cause remanded to the lower court with instructions to grant defendant's motion for non-suit.

HOYT, ANDERS and STILES, JJ., concur.

SCOTT, J., concurs in the result.