[No. 1895–2.   Division Two.   June 9, 1977.]

*In the Matter of the Estate of*
GEORGE W. WILSON.

*In the Matter of the Estate of*
ANNA WILSON.

THEODORE G. WILSON, ET AL, *Respondents,* v. MARY MINKS, ET AL, *Appellants.*

---

*Neil J. Lynch* (of *Lynch & Lynch*) and *Lauren D. Studebaker* (of *Davis, Wright, Todd, Riese & Jones*), for appellants.

*Don Taylor* and *Charles B. Welsh*, for respondents.

PEARSON, J.—This appeal involves a dispute over the title to certain real property between two sons and two daughters of Anna Wilson, who died intestate in Pacific County.[1] The sons, Theodore G. and Willard K. Wilson, claim title to the property, hereafter referred to as the Marion property, by virtue of a 1945 deed from their mother. The daughters, Ruby Hawks and Mary Jane Minks, contest the validity of the deed and claim the property as a part of their mother's estate. The trial court upheld the validity of the 1945 deed and quieted title to the Marion property in Theodore G. and Willard K. Wilson. The daughters appeal.

The challenge to the deed concerns (1) an alleged alteration of the deed which appellants claim was not adequately explained by respondents, and (2) a contention that the trial court held them to an erroneous standard of

---

[1]The two actions out of which this appeal arises were consolidated for trial and concern several other issues pertaining to the properties in the estate of Anna Wilson, deceased, which are not pertinent to the appeal.

proof in rebutting the presumption of delivery of the deed by virtue of respondents' possession thereof. We affirm.

The deed in question was introduced in evidence by respondents. It was dated February 12, 1945, and conveyed the Marion property along with other real property to respondents. The deed was recorded in 1969, some 25 years after its purported delivery, and some 7 years after the death of Anna Wilson. It consists of two sheets of paper: a form deed, and a sheet of paper containing typewritten descriptions of several parcels of real property, including a legal description of the Marion property. The top of the property description page is glued to the middle of the form deed on the property description section thereof. The document appears regular on its face, although the grantor's signature or initials do not appear on the attachment.

An expert in calligraphy testified that both sheets of paper are consistent with the 1945 date of the document, that both sheets had been typed by the same typewriter, but that the machine had been cleaned before the property descriptions were typed. Furthermore, the expert testified the property description sheet had been glued to the form deed after a previously glued attachment had been removed, and the signature of Anna Wilson was authentic. In the opinion of the expert, the change in the document occurred before it was recorded.

Appellants contend that proponents of an altered instrument have the burden of explaining the alteration, and absent such explanation the instrument fails. *Lembo v. Federici*, 62 Wn.2d 972, 385 P.2d 312 (1963). In *Lembo v. Federici*, which dealt with an apparently altered promissory note, the Supreme Court acknowledged the general rule that the person who claims under or offers in evidence an instrument which is at all suspicious by reason of an apparent alteration will be required to explain and remove the suspicion. *Lembo v. Federici, supra,* describes an apparent alteration in the following terms, at page 978:

An alteration is deemed to be apparent on the face of the instrument in cases of interlineation, erasure, difference of handwriting, changes of figures or words, or other irregularities *on the face of the paper.*

(Italics ours.) (4 Am. Jur. 2d *Alteration of Instruments* § 80 (1962).)

■ In our view appellants' contentions must fail in this case for two reasons. First, the so-called alterations asserted here are not apparent from the face of the instrument, and there is no means of ascertaining whether there was any alteration from the terms of the previous attachment. The instrument does not appear suspicious, and any alterations would not be provable without resort to microscopic and expert examination. Even then, the attachment–removal–attachment alteration, as well as the cleaned–type alteration are susceptible of innocent as well as fraudulent inferences. In our view, the rule approved in *Lembo v. Federici, supra,* should cause the burden of proof to shift only when the alteration is of a visible character suggestive of a fraudulent post–execution alteration.

Second, the evidence presented by appellants precludes the suggestion of a post–execution alteration. The attorney for the estate of appellants' father identified the deed as the one that he received from the scrivener[2] in 1945 for delivery to respondents, and that he delivered the deed at that approximate time to one of respondents. Under these circumstances, the trial court was justified in concluding that any alteration of the instrument was done prior to its execution and not by the respondents. Consequently, any further explanation of the alteration in view of the nature of the alterations and timing thereof should not be required.

■ Appellants also claim error because the trial court required the clear, cogent, and convincing standard to

---

[2]The scrivener who acknowledged Anna Wilson's signature on the deed was C. S. Poage, now deceased, who at the time was Court Commissioner of Pacific County, and who also owned and operated an abstract and title insurance business.

overcome the presumption of delivery arising from respondents' possession of the deed in question.[3] The only evidence of nondelivery comes from Anna Wilson's continued residency on the property after the purported delivery of the deed, and the fact that there was no contemporaneous recording of the instrument. We note that the grantees of the property were also in continuous possession of the property after February 12, 1945.

In our view the court applied the proper standard. The applicable law is set forth in *Hampton v. Gilleland,* 61 Wn.2d 537, 379 P.2d 194 (1963), where at page 545 the Supreme Court states:

> [W]e hold again that the possession of the deed carries with it a strong presumption of its lawful delivery. This presumption can be overcome only by clear and convincing evidence.

(Citations omitted.)

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.

---

[3] The only indication that the clear, cogent, and convincing standard was applied appears in the court's memorandum decision.