[No. 4126-3-III.    Division Three.    August 4, 1981.]

LEONARD C. DEAVER, ET AL, *Appellants,* v. WALLA
WALLA COUNTY, ET AL, *Respondents.*

*John W. Lohrmann* and *Freise & Lohrmann,* for appellants.

*Arthur R. Eggers, Prosecuting Attorney,* and *Donald W. Schacht, Deputy,* for respondent Walla Walla County.

*Richard F. Monahan* and *Roach, Votendahl & Monahan,* for respondent Krussell.

GREEN, J.—Plaintiffs, Leonard and Linda Deaver, brought this action against the defendants, Walla Walla County and Sandra Krussell, for damages resulting from the alleged willful removal of trees. Summary judgment was granted for defendants and plaintiffs appeal.

Prior to 1971, Fred and Lydia Ringhoff owned a portion of a farm unit in Walla Walla County. On July 22, 1971, they conveyed a small parcel to the Krussells together with

> an easement for ingress and egress over and across the Northwesterly 30 feet of that portion of said Unit 3 lying Westerly of the irrigation canal; . . .

This easement ran from the conveyed parcel to Hanson

Loop Road across other Ringhoff land. On November 15, 1971, Ringhoffs filed a plat called "Ringhoff Acres No. 1" and "dedicate[d] to the use of the public forever all streets and *easements* shown on this plat." (Italics ours.) The Ringhoff–Krussell easement was shown on the plat. On October 15, 1975, Ringhoffs deeded a portion of the platted property to the Deavers, subject to the Krussell access easement.

On January 31, 1979, Sandra Krussell sued the Ringhoffs, Walla Walla County and two other persons, alleging these parties had amended the plat filed for Ringhoff Acres without proper notice and cut off Mrs. Krussell's access to her property from Hanson Loop Road in derogation of her rights. She also alleged that county services, such as fire protection and garbage collection, are claiming her property cannot be served without access from Loop Road. This action was settled by stipulation and order, whereby the County agreed to grade and gravel the easement in such a way as to satisfy Mrs. Krussell, the garbage collection service, and the independent fire district. In addition, it was to provide drainage along the easement, "all of the trees within the 30–foot easement were to be removed" and "all of the trees that hang over and encroach on the easement" were to be trimmed back so they would not "encroach" in any way. When the County began to remove the trees, the Deavers commenced this action for damages and to prevent further removal of trees. The County and Mrs. Krussell moved for summary judgment and the Deavers filed a cross motion for partial summary judgment.

Deavers filed an affidavit which stated a row of trees was growing along the boundary line of the easement at the time the 1971 access easement was granted to Krussell and the trees were there when the Deavers purchased the property in 1975. Deavers stated they valued the trees highly because they were aesthetically pleasing and provided a natural windbreak for their property. They also claim although the easement reserved 30 feet, it was intended that the Krussells use only that portion of the easement

reasonably necessary for their ingress and egress. They assert the removal of the trees is not necessary to serve that purpose.

To the contrary, Mrs. Krussell, in her affidavit, states it was intended she have full use of the 30 feet and use of less than the full width has never been satisfactory. *E.g.,* trees and the overhang in the easement have damaged automobiles, and service and emergency vehicles have refused to use the easement to her property. Deavers assert that at least an issue of fact is created as to the parties' intentions at the time the easement was granted. Therefore, summary judgment was erroneously entered. They argue the court should have granted their motion for partial summary judgment. We find no error.

None of the cases cited by the Deavers in support of their position involve an express dedication to the public. Here, it is uncontested the Ringhoffs properly filed a plat of their property. In that plat they dedicated a 30-foot access easement from Hanson Loop Road to the Krussell property "to the use of the public forever." This plat was filed before the Deavers purchased their property.

In construing a plat, the court in *Frye v. King County,* 151 Wash. 179, 182–83, 275 P. 547, 62 A.L.R. 476 (1929), said:

> It is the well settled law that, in construing a plat, the intention of the dedicator controls. The rule has been stated to be: "The intention of the owner is the very essence of every dedication." [Citing cases.]
>
> . . .
>
> But this *intention must be adduced from the plat itself,* where possible, as that furnishes the best evidence thereof.
>
> . . .
>
> In *Minton v. Smith,* 102 Okl. 79, 227 Pac. 75 [1924], the court, quoting 9 Am. & Eng. Ency. Law, said:
> "'The *intention of the owner in making the plat is to be ascertained from all the marks and lines appearing thereon,* and, if possible, such an interpretation should be followed as will give effect to all lines and statement.'"
>
> . . .

It is true, of course, that, where the plat is ambiguous, parol testimony as to contemporaneous and subsequent acts of the parties will sometimes be received in arriving at the dedicator's intent, . . .

(Italics ours.) *See also Camping Comm'n of Pac. Northwest Conference of Methodist Church v. Ocean View Land, Inc.,* 70 Wn.2d 12, 421 P.2d 1021 (1966); *Cummins v. King County,* 72 Wn.2d 624, 434 P.2d 588 (1967); *Rainier Ave. Corp. v. Seattle,* 80 Wn.2d 362, 494 P.2d 996 (1972); 26 C.J.S. *Dedication* § 51, at 527 (1956); 2 G. Thompson, *Real Property* § 383 (Supp. 1980).

Considering the plat dedication in light of these rules, we find the Ringhoffs dedicated an easement 30 feet in width to the public; there is nothing in the plat to indicate an intent by the dedicator to limit the easement to that portion reasonably necessary for access to the Krussell property. Neither is there any ambiguity in the plat, and consequently, parol evidence is not admissible to vary its provisions. The Deavers purchased their property after the plat was filed. It follows that Walla Walla County's activity, conducted in accordance with the court's prior order, was proper.

The Deavers' contention that a 30–foot easement does not meet the width requirement of the county ordinance is not a meritorious defense. It is apparent the County has waived that restriction by its agreement to improve the easement in accordance with its stipulation and the court's order in the prior action. Likewise, their claim that the easement is not a public easement is factually rejected in light of the record which indicates the easement must be widened in order to provide county services such as garbage collection and fire protection. Moreover, the plat dedication is controlling. 2 G. Thompson, *Real Property, supra* § 372.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.