# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF SEDRO-WOOLLEY, Respondent, v. PHILIP A. MURRAY, Appellant. | No. 86269-3-I DIVISION ONE UNPUBLISHED OPINION |

LEE, J.[1] — This action involves a dispute regarding Eastern Avenue in the City of Sedro-Woolley (City), a portion of which runs adjacent to Philip Murray's property. The City filed suit to quiet title to the disputed portion of Eastern Avenue, or in the alternative, find the City has a prescriptive easement. The City also sought summary judgment dismissal of Murray's counterclaims against the City alleging quiet title and ejectment, injunctive relief, and trespass.

The superior court granted summary judgment on the City's quiet title claim. The superior court also ruled, in the alternative, that the City had a prescriptive easement over the disputed portion of Eastern Avenue. And the superior court granted summary dismissal of Murray's counterclaims against the City as a matter of law.

Murray appeals the superior court's summary judgment order arguing that the superior court erred when it concluded that the recorded 1890 plat map

---

[1] Judge Lee is serving in Division One of this court pursuant to RCW 2.06.040.

dedicated Eastern Avenue to the City, the City was entitled to a prescriptive easement on Eastern Avenue, and there was no issue of material fact as to Murray's counterclaims.

We hold that there remains a genuine issue of material fact relating to the title owner of the portion of Eastern Avenue abutting Murray's property, and therefore, the superior court erred in granting summary judgment and quieting title to that portion of Eastern Avenue to the City. We further hold that the City obtained a prescriptive easement over the disputed portion of Eastern Avenue and the superior court correctly dismissed Murray's counterclaims of ejectment, injunctive relief, and trespass. However, because there remains a question of material fact as to the title owner of the portion of Eastern Avenue abutting Murray's property, the superior court erred in granting summary judgment and dismissing Murray's counterclaim to quiet title. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

FACTS

The dispute arises over the parties' interpretation of an 1890 plat map depicting the town of Woolley. In 1890, the town of Woolley was platted and the recorded plat map depicted the alleys, streets, and avenues, including Eastern Avenue. Murray's property, which he purchased in 2014 is circled in red below.



Clerk's Paper (CP) at 112 (alterations added). The portion of Eastern Avenue at issue abuts Murray's property on one side and S. L. S. & E. Railway on the other side.

The 1890 plat map contained the following dedication:

[The owners] [d]o hereby declare the foregoing plat to be a true and correct plat of the town of Woolley and we do hereby dedicate to the use of the Public as public highways all and singular the streets and alleys shown upon said plat.

CP at 112. The 1890 plat map also contained a handwritten notation placed right next to the dedication language that stated "P.S. Avenues not dedicated." CP at 112. The parties agree that "P.S." refers to private sidings which means the "[t]rack

3

located outside of a carrier's right-of-way, yard, or terminals where the carrier does not own the rails, ties, roadbed, or right-of-way." Br. of Resp't at 4; 49 C.F.R. § 171.8.[2] Notably, the only roads marked as "avenues" on the 1890 plat map follow the railroad tracks depicted in the plat map, which appears to comport with the definition of private sidings. *See* 49 C.F.R. § 171.8.

In 1911, the Sedro Land Company dedicated to the City "for the public use forever, all the land indicated in the said plat as streets[,] avenues or alleys." CP at 163. The following depiction was included in a 1911 recorded plat, which shows that the road at issue (Eastern) is an "avenue":



CP at 163.

On March 3, 2023, the City filed a lawsuit against Murray for quiet title, injunctive relief, abatement of nuisance, and trespass. The City argued that the

---

[2] Private siding can also mean:

> Track leased by a railroad to a lessee, where the lease provides for, and actual practice entails, exclusive use of that trackage by the lessee and/or a general system railroad for purpose of moving only cars shipped to or by the lessee, and where the lessor otherwise exercises no control over or responsibility for the trackage or the cars on the trackage.

49 C.F.R. § 171.8.

1890 plat map dedicated Eastern Avenue to the City as a right-of-way. In his answer to the complaint, Murray argued that he was the rightful owner of the disputed portion of Eastern Avenue and asserted counterclaims against the City for quiet title and ejectment, injunctive relief, and trespass.

The City moved for summary judgment on its quiet title claim and Murray's counterclaims. In support of its motion, the City attached a declaration from David Davidson, a foreman for the City's street department who had been involved in the maintenance of Eastern Avenue for the past 37 years. Davidson's declaration stated, "I am aware that Eastern Avenue has been maintained and improved by the City at least since the beginning of my employment in 1986, and the public has continuously utilized it as a public right of way, including for emergency and fire services." CP at 130. Davidson's declaration further stated that the City performed road maintenance at least every three years on the right-of-way as part of its alley maintenance program, and the work consisted of grading and adding gravel. In response to the City's motion Murray filed a letter written by a licensed professional land surveyor, who opined that the dedication, coupled with the handwritten "'PS'" notation "only dedicates to the Public the Streets and Alleys depicted on the plat map—not the Avenues similarly depicted on the subject document." CP at 165.

Following a hearing, the superior court granted the City's motion for summary judgment and quieted title in that portion of the Eastern Avenue abutting Murray's property in favor of the City. Alternatively, the superior court ruled that Eastern Avenue had been continually used for a public purpose "through time immemorial" rendering Eastern Avenue subject to a prescriptive easement in favor

5

of the City. CP at 188. The superior court also ruled that no genuine issue of material fact existed and that the City was entitled to judgment as a matter of law on Murray's counterclaims.

Murray appeals.

ANALYSIS

Murray argues the superior court erred when it granted summary judgment in favor of the City and concluded (1) the recorded 1890 plat map dedicated Eastern Avenue to the City, (2) Eastern Avenue was subject to a prescriptive easement, and (3) there was no issue of material fact as to Murray's counterclaims.

A.    STANDARD OF REVIEW

We review a grant of summary judgment de novo and engage in the same inquiry as the superior court. *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 777, 425 P.3d 560 (2018). Summary judgment is appropriate if the record demonstrates the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* We consider all facts submitted and all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Id.* A genuine issue of material fact exists when reasonable minds can differ on the facts that control the outcome of the litigation. *Id.* at 778. Mere allegations, argumentative assertions, conclusory statements, and speculation do not raise issues of material fact that preclude a grant of summary judgment. *Greenhalgh v. Dep't of Corr.*, 160 Wn. App. 706, 714, 248 P.3d 150 (2011).

The moving party in a summary judgment motion bears the initial burden of showing the absence of an issue of material fact. *Johnson*, 5 Wn. App. 2d at 777. If the moving party meets its burden, then the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id.* at 777-78. If the opposing party fails to meet its burden of showing a genuine issue of material fact exists, then summary judgment is appropriate. *Id.* at 778.

Murray assigns error to certain findings of fact and conclusions of law entered by the superior court. Murray also assigns error to the superior court's failure to make certain factual findings. Findings of fact and conclusions of law are not necessary and are superfluous on summary judgment. *Id.* at 776. Therefore, assignments of error to specific findings of fact and conclusions of law by a superior court on summary judgment are not reviewed. *Id.*

B.      THE 1890 PLAT

Murray argues the superior court erred by quieting title in favor of the City based on the 1890 plat map. Because a genuine issue of material fact remains as to the true title owner of that portion of Eastern Avenue abutting Murray's property, we agree.

"The intent to dedicate property for public use is evidenced by presenting for filing a final plat or short plat that shows the dedication on its face." *Richardson v. Cox*, 108 Wn. App. 881, 891, 26 P.3d 970, *opinion amended on denial of reh'g*, 34 P.3d 828 (2001). Intent to dedicate will not be presumed and clear intent must be shown. *Cummins v. King County*, 72 Wn.2d 624, 627, 434 P.2d 588 (1967). In construing a plat, the intention of the dedicator controls. *Frye v. King County*, 151

7

Wash. 179, 182, 275 P. 547 (1929). However, where the plat is ambiguous, surrounding circumstances may be considered to determine intent. *Roeder Co. v. Burlington N., Inc.*, 105 Wn.2d 269, 273, 714 P.2d 1170 (1986); *see also Deaver v. Walla Walla County*, 30 Wn. App. 97, 99-100, 633 P.2d 90 (1981). Roads not dedicated to the public must be clearly marked on the face of the plat. RCW 58.17.165.

Here, neither party contends that the 1890 plat map is ambiguous; therefore, we will look to the face of the plat map to settle the issue. *Roeder Co.*, 105 Wn.2d at 273. Contrary to the City's contention, the 1890 plat map does not dedicate Eastern Avenue for public use.

The 1890 plat map clearly shows roads marked as "streets" or "avenues." CP at 112. And the 1890 plat map contains on its face a dedication of only "the streets and alleys shown upon said plat" for "the use of the public." CP at 112. However, Eastern Avenue is not a street nor an alley. Thus, although the 1890 plat clearly dedicated streets and alleys for public use, Eastern Avenue, being neither a "street" nor an "alley," was not dedicated for public use as the City contends. Moreover, even if we ignore the nomenclature and characterize Eastern Avenue as a street, the 1890 plat map clearly states that "P.S. Avenues" are not dedicated. CP at 112.

Therefore, the superior court erred when it ruled as a matter of law that the 1890 plat dedicated Eastern Avenue to the City and quieted title in the disputed property in the City's favor. However, the record is devoid of any evidence as to the true title owner of the disputed portion of Eastern Avenue, and the City does

not argue it is entitled to quiet title on any basis other than the 1890 plat map. Thus, there remains a genuine issue of material fact as to the true title owner of that portion of Eastern Avenue abutting Murray's property.

## C.    PRESCRIPTIVE EASEMENT

Murray argues the superior court erred when it concluded Eastern Avenue was subject to a prescriptive easement.  Br. of Appellant, 14-15.  We disagree.

To establish a prescriptive easement, the person claiming the easement must use another person's land for a period of 10 years and show that (1) they used the land in an "'open'" and "'notorious'" manner, (2) the use was "'continuous'" or "'uninterrupted,'" (3) the use occurred over "'a uniform route,'" (4) the use was "'adverse'" to the landowner, and (5) the use occurred "'with the knowledge of such owner at a time when he was able in law to assert and enforce his rights.'" *Gamboa v. Clark*, 183 Wn.2d 38, 43, 348 P.3d 1214 (2015) (quoting *Nw. Cities Gas Co. v. W. Fuel Co.*, 13 Wn.2d 75, 84, 123 P.2d 771 (1942)).

Davidson's declaration shows that the City continuously utilized Eastern Avenue as a public right-of-way for at least 37 years and that the City performed road maintenance at least every three years as part of its alley maintenance program, which consisted of grading and adding gravel to the road.  These facts are sufficient to establish the City's use was open and notorious, continuous, and occurred over a uniform route.

Whether use is adverse or permissive is generally a question of fact, but if the essential facts are not in dispute, it can be resolved as a question of law. *Lingvall v. Bartmess*, 97 Wn. App. 245, 250, 982 P.2d 690 (1999).  We generally

9

interpret adverse use as meaning that the land use was without the landowner's permission. *Gamboa*, 183 Wn.2d at 44.

There is no requirement that the claimant (here, the City) believe they own the property to establish adverse use—a claimant's subjective intent is irrelevant. *Id.* A claimant's use is adverse when they use the property "as the true owner would, under a claim of right, disregarding the claims of others, and asking no permission for such use." *Kunkel v. Fisher*, 106 Wn. App. 599, 602, 23 P.3d 1128, *review denied*, 145 Wn.2d 1010 (2001).[3]

The record shows that the City's use of Eastern Avenue was adverse to any interest Murray might claim. Eastern Avenue has been used as a public right-of-way for public traffic and emergency and fire services for at least the past 37 years. The City has "maintained and improved" Eastern Avenue at least since 1986, which is consistent with using the property as a true owner would. CP at 130. Thus, there is no issue of material fact and the City is entitled to judgment as a matter of law to a prescriptive easement over that portion of Eastern Avenue abutting Murray's property.

---

[3] There is a presumption that when someone enters onto another's land, the person "does so with the true owner's permission and in subordination to the latter's title." *Nw. Cities Gas Co.*, 13 Wn.2d at 84. However, this presumption is limited to three factual scenarios: (1) cases involving unenclosed land, (2) neighborly sufferance cases, and (3) where the evidence demonstrates the owner of the property created or maintained a road and their neighbor used the road in a noninterfering manner. *Gamboa*, 183 Wn.2d at 44. There is no evidence supporting any of these scenarios.

D.    MURRAY'S COUNTERCLAIMS

Murray argues the superior court erred when it concluded he failed to establish that he held a reversionary interest in the right-of-way, which supports his counterclaims for quiet title and ejectment, injective relief, and trespass.

Because the superior court properly granted the City a prescriptive easement over Eastern Avenue, we conclude the court did not err in denying Murray's counterclaims for ejectment, injunctive relief, and trespass.

However, "a prescriptive easement claim does not actually assert title to property." *McColl v. Anderson*, 6 Wn. App. 2d 88, 92-93, 429 P.3d 1113 (2018). An easement is a nonpossessory right to use the land of another. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 183, 401 P.3d 468 (2017). The easement holder has a property interest in the land subject to an easement. *Id.* That property interest is separate from ownership of the land. *810 Properties v. Jump*, 141 Wn. App. 688, 696, 170 P.3d 1209 (2007).

Here, as discussed above, there is no evidence as to the true title owner of the disputed portion of Eastern Avenue. Thus, there remains a genuine issue of material fact as to where title to the disputed portion of Eastern Avenue vests. It necessarily follows that there is a genuine issue of material fact as to Murray's claim for quiet title. Therefore, the superior court erred in dismissing Murray's counterclaim for quiet title on summary judgment.

11

E.     MURRAY'S PROCEDURAL CLAIMS

Murray argues that the City violated Skagit County Superior Court Local Civil Rule 56(c)(6),[4] which requires a party moving for summary judgment to provide a pro se litigant with a notice entitled "'What is a Summary Judgment Motion? Notice for Parties Who Do Not Have a Lawyer.'"  Br. of Appellant at 3 (internal quotation marks omitted) (quoting Skagit County SCLCR 56(c)(6)).  We do not consider this assignment of error because Murray raises his challenge for the first time on appeal, and fails to show, or even argue, that the claimed error is of the type allowed to be raised for the first time on appeal.  *See* RAP 2.5(a).

Murray next argues that he did not receive the City's reply to his response to summary judgment until three days before the hearing.  Even if the City failed to timely serve Murray with its reply, Murray invited the error he now attempts to raise on appeal.

The invited error doctrine prohibits a party from setting up an error at trial and then complaining of it on appeal.  *Hymas v. UAP Distribution, Inc.*, 167 Wn. App. 136, 148, 272 P.3d 889, *review denied*, 175 Wn.2d 1006 (2012).  It applies

---

[4] This is a notice rule and states:

Notice to Non-Moving Pro Se Litigants. Any party moving for summary judgment against a party proceeding without an attorney of record at the time when the summary judgment motion was filed shall serve and file a notice entitled "What is a Summary Judgment Motion? Notice for Parties Who Do Not Have a Lawyer" with the papers in support of the motion.  This form shall be on a form approved by the court and available on the Superior Court's website. Along with this notice, the moving party shall also serve a current copy of CR 56 and this local rule (SCLCR 56).

Skagit County SCLCR 56(c)(6).

when a party "takes affirmative and voluntary action that induces the trial court to take an action that party later challenges on appeal." *Lavigne v. Chase, Haskell, Hayes & Kalamon, P.S.*, 112 Wn. App. 677, 681, 50 P.3d 306 (2002).

Here, when Murray raised the issue below, the superior court asked Murray if he wanted more time. Murray responded, "I would like to get this done and over with." Verbatim Rep. of Proc. at 5. Thus, Murray's challenge fails.

CONCLUSION

Because there remains a genuine issue of material fact as to the title owner of the disputed portion of Eastern Avenue, we reverse the superior court's order granting summary judgment and quieting title in favor of the City and dismissing Murray's quiet title counterclaim. We affirm the superior court's order granting the City a prescriptive easement in the disputed portion of Eastern Avenue abutting Murray's property and dismissing Murray's counterclaims for ejectment, injunctive relief, and trespass. Accordingly, we remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____ J., J

WE CONCUR:

_____ Chung, J.

_____ J